# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:04CR00091 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **KAD CARSON ELSWICK**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Dennis H. Lee, Special Assistant United States Attorney, Tazewell, Virginia, for United States; Michael A. Bragg, Abingdon, Virginia, for Defendant.*

The defendant, Kad Carson Elswick, was convicted and sentenced in this court in 2006. On appeal, his conviction for use of a firearm in relation to a drug trafficking crime was overturned for insufficiency of the evidence, based on the Supreme Court decision in *Watson v. United States*, 128 S. Ct. 579 (2007), which overruled prior Fourth Circuit precedent. *United States v. Elswick*, 306 F. App'x 8, 12-13 (4th Cir. 2008) (unpublished). Elswick's convictions and sentences under the other counts charged against him were affirmed. *Id.* at 10-11.

The court of appeals remanded the case for resentencing, stating as follows:

> For the foregoing reasons, we affirm Elswick's conviction and sentence as to Counts One and Two, and we reverse and remand with respect to Count Three for resentencing in accordance with this opinion.

*Id.* at 14.

The defendant was resentenced by this court on April 15, 2009. Through counsel, he objected to being sentenced as an armed career criminal under Count Two, charging him with possession of a firearm by a convicted felon. I declined to consider the objections, on the grounds that the defendant's sentence pursuant to the Armed Career Criminal Act had been affirmed and under the so-called mandate rule I had no authority to reopen that sentence. *See United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993) (describing rule and its exceptions).[1]

The defendant has now moved to reconsider my decision.

Even if I now had the power to reconsider my decision,[2] I would adhere to my

---

[1] Not that I believe Elswick's sentence, based as it is on the statutory mandatory minimum, to be the best result. As I remarked during his 2006 sentencing:

> THE COURT: Well, Mr. Elswick, I agree with your lawyer that the sentence that the court must impose in this case is very harsh, and particularly so since the sentences that have enhanced your sentence, that is, the sentences that make you an armed career criminal occurred back when you were 20, 21, and 22 years old. And the court, under the law that I must follow, has no discretion. In other words, I have to sentence you to these mandatory sentences. Congress has taken out of my hands any ability for me to sentence you to less than that. I have no power to do that. If I did, I would sentence you to a lesser punishment.

(Tr. 5, June 26, 2006.)

[2] A district court has only limited authority to reconsider a criminal sentence once imposed. Federal Rule of Criminal Procedure 35(a) permits correction of a "clear error," but that exception is "extremely narrow" and requires the presence of reversible error. *United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009).

Case 1:04-cr-00091-JPJ-RSB   Document 134   Filed 04/23/09   Page 2 of 3   Pageid#: 412

prior ruling. No objection was made at the defendant's 2006 sentencing to his status as an armed career criminal and no issue in that regard was raised on appeal. There are no applicable exceptions to the mandate rule present in this case that would allow me to disregard those prior proceedings.

Moreover, the principal objection by the defendant is that sentencing him as an armed career criminal violates his rights under the Sixth Amendment, because the predicate convictions were not determined by the jury in his case. However, there is Supreme Court authority directly to the contrary, *see Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which remains the law until overruled by the Supreme Court itself. *See United States v. Gaston*, 286 F. App'x 4, 5 (4th Cir. 2008) (unpublished) ("[E]ven if we were to agree with [the] forecast that the Supreme Court will overrule *Almendarez-Torres*, 'we are not free to overrule or ignore the Supreme Court's precedents.'") (citations omitted).

For these reasons, it is **ORDERED** that the defendant's Motion to Stay Judgment, For Vacation of Any Judgment Already Entered, and For Reconsideration (#131) is DENIED.

ENTER: April 23, 2009

/s/ JAMES P. JONES
Chief United States District Judge

-3-